## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____

| | | |
|---|---|---|
| DAVID J. COHEN and | : | Case No. 3:20-cv-00959-MPS. |
| CHANTIER, LLC | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | OCTOBER 22, 2020 |
| | : | |
| ANTHONY ROBINS, | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

_____

### ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Anthony Robins ("Robins"), by and through his undersigned attorneys, for his Answer and Affirmative Defenses to the Complaint in the above captioned matter ("Complaint") of Plaintiffs David J. Cohen ("Cohen") and Chantier, LLC ("Chantier"):

1.      admits only that Plaintiffs purportedly seek damages on the bases set forth in the Complaint and denies the remaining the allegations in Paragraph 1.

2.      denies the allegations in Paragraph 2.

3.      admits only that part of the contemplated investment activity at issue in this matter involved Cohen and/or an entity controlled by Cohen contributing an initial deposit in connection with the purchase of certain property and denies the remaining allegations in Paragraph 3.

4.      admits the allegations of Paragraph 4.

5.      admits that one of the Plaintiffs provided the Deposit and entered into a purchase agreement for the Property, which is a written agreement which speaks for itself, admits that he and Cohen, acting on behalf of Chantier, entered into further negotiations in connection with the proposed real estate transactions, denies the written agreements referenced in this paragraph are

binding or enforceable or otherwise accurately memorialize any agreement between the parties, and otherwise denies any remaining allegations in Paragraph 5.

6.    denies the allegations of Paragraph 6.

7.    denies the allegations of Paragraph 7.

8.    admits only that the parties extended the period of time to close the purchase of the Property and that, eventually, the transaction was cancelled, and otherwise denies the remaining allegations of Paragraph 8.

9.    To the extent that the allegations in this paragraph relate to the relief sought in the Complaint, the Complaint speaks for itself and any characterization of its contents are denied.  To the extent the allegations of this paragraph allege any facts, Robins denies any remaining the allegations of Paragraph 9.

**THE PARTIES**

10.    admits the allegations in Paragraph 10.

11.    Lacks knowledge or information sufficient to form a belief about the truth of the matters asserted in Paragraph 11.

12.    admits the allegations of Paragraph 12.

**JURISDICTION AND VENUE**

13.    Lacks knowledge or information sufficient to form a belief about the truth of the matters asserted in Paragraph 13.

14.    admits the allegations of Paragraph 14.

**FACTUAL ALLEGATIONS**

Robins denies any and all allegations included in the headings, or subheadings of the Complaint.

15.    admits the allegations of Paragraph 15.

16.    denies the allegations of Paragraph 16.

2

17.     denies the allegations of Paragraph 17.

18.     denies the allegations of Paragraph 18.

19.     admits the allegations of Paragraph 19.

20.     admits the allegations of Paragraph 20.

21.     denies the allegations of Paragraph 21, except to admit that Cohen and Robins engaged in various discussions and negotiations about a business relationship and that they signed certain documents.

22.     denies the allegations of Paragraph 22, including that any document referenced in this paragraph is binding or enforceable or otherwise accurately captured and reflected any agreement between the parties, admits that a Memorandum of Understanding was executed on or around January 6, 2020, and refers to that document for its complete terms.

23.     denies the allegations of Paragraph 23, except to admit that Robins attempted to obtain funding and investors for the full purchase price of the property.

24.     denies the allegations of Paragraph 24, except to admit that Plaintiffs did not want to proceed with a joint venture and sought to have a different transactional structure for the business opportunity.

25.     denies the allegations in Paragraph 25, including that any document referenced in this paragraph is binding or enforceable or otherwise accurately captured and reflected any agreement between the parties, admits that he signed the document referred to in the Complaint as the February 21, 2020 Agreement,  and states that the "February 21, 2020 Agreement" is a document that speaks for itself and to refer to that document for its complete terms.

26.     denies the allegations in Paragraph 26, including that any document referenced in this paragraph is binding or enforceable  or  otherwise  accurately  captured  and  reflected  any

agreement between the parties, and states that the "February 21, 2020 Agreement" is a document that speaks for itself and to refer to that document for its complete terms.

27.     denies the allegations in Paragraph 27, including that any document referenced in this paragraph is binding or enforceable or otherwise accurately captured and reflected any agreement between the parties, and states that the "February 21, 2020 Agreement" is a document that speaks for itself and to refer to that document for its complete terms.

28.     denies the allegations in Paragraph 28, including that any document referenced in this paragraph is binding or enforceable or otherwise accurately captured and reflected any agreement between the parties, and states that the "February 21, 2020 Agreement" is a document that speaks for itself and to refer to that document for its complete terms.

29.     denies the allegations in Paragraph 29, including that any document referenced in this paragraph is binding or enforceable or otherwise accurately captured and reflected any agreement between the parties, except to admit that he made a payment to Chantier of $250,000 on or before February 24, 2020.

30.     denies the allegations in Paragraph 30, including that any document referenced in this paragraph is binding or enforceable or otherwise accurately captured and reflected any agreement between the parties, and states that the "February 21, 2020 Agreement" is a document that speaks for itself and to refer to that document for its complete terms.

31.     denies the allegations in Paragraph 31, including that any document referenced in this paragraph is binding or enforceable or otherwise accurately captured and reflected any agreement between the parties, and states that the "February 21, 2020 Agreement" is a document that speaks for itself and to refer to that document for its complete terms.

32.     denies the allegations in Paragraph 32, including that any document referenced in this paragraph is binding or enforceable or otherwise accurately captured and reflected any agreement between the parties, and states that the "February 21, 2020 Agreement" is a document that speaks for itself and to refer to that document for its complete terms.

33.     denies the allegations in Paragraph 33, including that any document referenced in this paragraph is binding or enforceable or otherwise accurately captured and reflected any agreement between the parties, and states that the "February 21, 2020 Agreement" is a document that speaks for itself and to refer to that document for its complete terms.

34.     admits the allegations of Paragraph 34.

35.     admits the allegations of Paragraph 35.

36.     denies the allegations in Paragraph 36, including that any document referenced in this paragraph is binding or enforceable or otherwise accurately captured and reflected any agreement between the parties, admits that he signed the document referred to in the Complaint as the March 10, 2020 Amendment, and states that the "the March 10, 2020 Amendment" is a document that speaks for itself and to refer to that document for its complete terms.

37.     denies the allegations in Paragraph 37, including that any document referenced in this paragraph is binding or enforceable or otherwise accurately captured and reflected any agreement between the parties, admits that Chantier signed the document referred to in the Complaint as the March 10, 2020 Amendment, and states that the "the March 10, 2020 Amendment" is a document that speaks for itself and to refer to that document for its complete terms.

38.     admits the allegations of Paragraph 38.

39.     denies the allegations in Paragraph 39, including that any document referenced in this paragraph is binding or enforceable or otherwise accurately captured and reflected any agreement between the parties, admits that Robins and one or more of the Plaintiffs signed the document referred to in the Complaint as the March 18, 2020 Amendment, and states that the "the March 18, 2020 Amendment" is a document that speaks for itself and to refer to that document for its complete terms.

40.     denies the allegations in Paragraph 40, including that any document referenced in this paragraph is binding or enforceable, and states that the "the March 18, 2020 Amendment" is a document that speaks for itself and to refer to that document for its complete terms.

41.     denies the allegations in Paragraph 41, including that any document referenced in this paragraph is binding or enforceable or otherwise accurately captured and reflected any agreement between the parties, and states that the "the March 18, 2020 Amendment" is a document that speaks for itself and to refer to that document for its complete terms.

42.     denies the allegations in Paragraph 42, except to admit that Chantier executed an amended PSA with the seller of the Property that extended the date of the closing until April 28, 2020.

43.     admits the allegations of Paragraph 43.

44.     denies the allegations of Paragraph 44, except to admit that on or around April 29, 2020, Plaintiffs sent him a notice and refers to that document for its contents and denies any characterization of that document.

45.     denies the allegations of Paragraph 45.

46.     denies that the Plaintiffs are entitled to the relief purportedly sought in the Complaint.  To the extent further response is required, Robins denies the allegations of Paragraph 46.

## FIRST CAUSE OF ACTION

47.     denies the allegations of Paragraph 47.

48.     denies the allegations of Paragraph 48, including any implication that the referenced documents are binding, enforceable or otherwise accurately captured and reflected any agreement between the parties, and admits only that he executed documents referred to in the Complaint as the February 21, 2020 Agreement, the March 10, 2020 Amendment, and the March 18, 2020 Amendment.

49.     admits only that plaintiffs have acted in accordance with the contents of the February 21, 2020 Agreement, the March 10, 2020 Amendment, and the March 18, 2020 Amendment, and otherwise denies the allegations of Paragraph 49, including that those documents are binding, enforceable or otherwise accurately captured and reflected any agreement between the parties.

50.     denies the allegations of Paragraph 50.

51.     denies the allegations of Paragraph 51.

## PRAYER FOR RELIEF

Defendant Robins denies that Plaintiffs are entitled to the relief and respectfully requests that this Court dismiss Plaintiffs' Complaint with prejudice and enter judgment on behalf of Robins.

## AFFIRMATIVE AND OTHER DEFENSES

Robins asserts the following affirmative and other defenses with respect to the causes of action asserted against Robins, without assuming the burden of proof for any issue as to which

applicable law places the burden on the Plaintiffs. All such defenses are pleaded in the alternative and do not constitute an admission of liability or that the Plaintiffs are entitled to any relief whatsoever.  Robins reserves the right to raise additional defenses not asserted herein of which he may become aware through discovery or other investigation, or as otherwise might be appropriate.

1.     Plaintiffs fail to state a claim for which relief may be granted and cannot prove the elements of their cause of action.

2.     Plaintiff David Cohen lacks standing to assert his claim.

3.     The claims are barred by the doctrine of waiver and estoppel.

4.     To the extent that Plaintiffs have incurred any damages, they have failed to mitigate their damages, including by failing to take the necessary actions to seek the return of the deposit on the Property.

5.     Robins' delay or want of performance must be excused because his performance was delayed or prevented by the COVID-19 Pandemic which was "an irresistible, superhuman cause, or by the act of public enemies of this state or of the United States, unless the parties have expressly agreed to the contrary." Cal. Civ. Code § 1511.

6.     Robins' performance was excused by the doctrine of frustration of purpose.

7.     The purported contracts are invalid and unenforceable because they fail to accurately reflect the parties' agreement due to mutual mistake.

8.     The purported contracts must be reformed to accurate reflect the intent that multiple other parties, including Barry Watts and Gavin Brodin, are liable in whole or in part for any amounts plaintiffs may claim to be owed.


Dated:  October 22, 2020                              Respectfully submitted,

**DEFENDANT ANTHONY ROBINS**

*/s/John M. Doroghazi*
John M. Doroghazi (ct28033)
WIGGIN AND DANA LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
(203) 498-4400
(203) 782-2889 fax
jdoroghazi@wiggin.com